IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert W. Hart, | C/A No.: 1:08-3981-JFA-SVH |
| Plaintiff, | |
| v. | ORDER |
| Sheriff James Lee Foster; Major D. Gilliam; Captain Shane Kitchen; Sheriff Ricky W. Chastain; Major Chris Hudson; and Captain Paul Mode, | |
| Defendants. | |

The *pro se* plaintiff, Albert W. Hart, brings this action pursuant to 42 U.S.C. § 1983 claiming violations of his constitutional rights with regard to his conditions of confinement. At the time the alleged events in this action arose, the plaintiff was a pretrial detainee at the Newberry County Detention Center (NCDC). The plaintiff's various alleged claims involve his transfer to another detention center; deprivation of access to legal materials and grievance procedures; improper security classification; illegal confiscation of sexually explicit materials; failure to provide a proper diet and medication; and complaints of ant infestation and odors in his jail cell.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

and Recommendation wherein she suggests that this court should grant the defendants' motions for summary judgment.[2] The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation which was filed on July 26, 2010. On August 17, 2010, the plaintiff filed a request for an extension of time within which to file objections to the Report. The court granted an extension until September 10, 2010.

On September 10, 2010, the court received a sworn letter from the plaintiff's sister, Cynthia V. Jones, advising the court that the plaintiff had been murdered on August 21, 2010. Ms. Jones has advised the court that she and her family wish to continue this litigation and that she is seeking appointment of counsel to represent her family on behalf of plaintiff's estate. Because it appears the plaintiff was not incarcerated at the time of his death, the court will await a filing from the family or plaintiff's representative, at its earliest convenience, of an official certificate of death.

Presently pending in this action are two motions by the defendants for summary judgment. In light of the plaintiff's death and resulting delay in the proceedings of this action, the court will deny the motions for summary judgment without prejudice and with leave to refile. The Clerk shall dismiss the Report as well and return the file to the Magistrate Judge assigned to this action to await further notification from a representative

---

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Plaintiff responded to the motions.

of the plaintiff's estate as to how the case shall proceed.

    IT IS SO ORDERED.

September 13, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge